UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**CLAUDE COX**                                                                                   **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 5:13CV-P68-R**

**JOHN WOODS** *et al.*                                                              **DEFENDANTS**

## MEMORANDUM AND ORDER

Plaintiff Claude Cox filed the instant *pro se* action. This matter is before the Court on Plaintiff's application to proceed without prepayment of fees (DN 3).

Section 1915 of Title 28 of the United States Code governs proceedings *in forma pauperis*. This statute provides in pertinent part as follows:

> (g) In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, the only exception to the limitation noted in the statute is if "the prisoner is under imminent danger of serious physical injury." *Id.*

A review of the Court's records reveals that the criteria set forth in subsection (g) apply to the instant action. Plaintiff Cox has filed numerous civil actions while incarcerated in the Commonwealth of Kentucky, and at least three of those actions were dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Cox v. Parke et al.*, Civil Action No. 3:92CV-214-S; *Cox v. Combs et al.*, Civil Action No. 3:92CV-219-M; and *Cox v. Parke et al.*, Civil Action No. 3:92CV-257-S. Despite the fact that many of Plaintiff's actions were dismissed prior to the effective date of the Prison Litigation Reform Act and the resulting amendments to § 1915, those actions may be counted toward the

commonly called "three strikes" provision of § 1915(g). *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998).

Plaintiff states no factual allegations in support of his complaint. Therefore, Plaintiff does not allege that he is in "imminent danger of serious physical injury" such that § 1915(g) would not apply.

Because Plaintiff is prohibited from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g), **IT IS ORDERED** that the application to proceed without prepayment of fees (DN 3) is **DENIED. Plaintiff must pay the requisite $400.00 fee[1] for the instant action within 30 days of entry of this Order.** The check should be made payable to **Clerk, U.S. District Court** and sent to the following address: Office of the Clerk, United States District Court, Western District of Kentucky, 106 Gene Snyder U. S. Courthouse, 601 West Broadway, Louisville, KY 40202-2249. Failure to pay the filing fee in full within the time allowed **will result in dismissal** of the action. The Court advises Plaintiff that "[t]he subsequent dismissal of the action under § 1915(g) for failure to pay that fee does not negate or nullify the litigant's continuing obligation to pay the fee in full." *In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002).

The **Clerk of Court is DIRECTED** to open an account for the payment of the filing fee.

Date:

cc: Plaintiff, *pro se*
4413.010

---

[1] Effective May 1, 2013, the fee for filing the instant action includes a $350 filing fee, plus a $50 administrative fee, for a total fee of $400.